978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Modesto RAMIREZ-ARREOLA, Defendant-Appellant.
 No. 91-50630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Modesto Ramirez-Arreola appeals his conviction, following a jury trial, for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Ramirez contends that the district court violated his constitutional right of confrontation by limiting his cross-examination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's limitation on the extent of cross-examination. United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991).
 
 
 4
 A district court does not violate the confrontation clause by limiting cross-examination, provided that the jury receives sufficient information to assess the witness' biases and motivations. Id.; United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). We are less inclined to find a confrontation clause violation where the defendant had an opportunity for substantial cross-examination and the additional cross-examination desired is collateral in nature. Bright v. Shimoda, 819 F.2d 227, 229 (9th Cir.1987). Even when the additional cross-examination desired has some impeachment value, no abuse of discretion will be found if the defense is allowed to adequately impeach the credibility of the government witness by other lines of questioning. See Guthrie, 931 F.2d at 568-69.
 
 
 5
 Here, a confidential informant ("CI") assisted the Drug Enforcement Administration ("DEA") in the investigation that led to Ramirez's arrest and conviction. The CI was initially referred to a DEA agent by a second confidential informant ("SCI") who was already working for the DEA. At trial, Ramirez sought to cross-examine the DEA agent and the CI regarding the SCI. The district court restricted the scope of cross-examination concerning the SCI. Nevertheless, Ramirez was able to elicit information from both the DEA agent and the CI about the SCI. During cross-examination, the DEA agent stated that the SCI had provided the DEA with information on other narcotics traffickers. Also during cross-examination, the CI testified that the SCI had informed her that she could receive money from the DEA in return for information on drug traffickers.
 
 
 6
 In addition, Ramirez was able to elicit considerable testimony concerning the CI and her role in the DEA's investigation of Ramirez. The jury received the following information about the CI: the DEA paid the CI $2,400 for her role in Ramirez's investigation; the CI was an unemployed single mother; one of her children had a medical problem; the CI admitted to being in need of money; and the CI had previously been arrested for forgery and alien smuggling. The DEA agent also detailed the CI's role in Ramirez's investigation.
 
 
 7
 The district court provided Ramirez with ample opportunity to expose the CI's biases and motivations including the motivation for her initial contact with the DEA. See Guthrie, 931 F.2d at 568-69; Bonanno, 852 F.2d at 439. Furthermore, the desired testimony concerning the SCI was collateral in nature, and the district court properly used its discretion in deciding to limit its admissibility. See Bonanno, 852 F.2d at 439; Bright, 852 F.2d at 229-30. Accordingly, the district court did not violate Ramirez's right of confrontation by limiting his cross-examination. See Guthrie, 931 F.2d at 568-69; Bonanno, 852 F.2d at 439.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3